**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

CASE NO.:

SHAZMYN GAVIN,

      Plaintiff,

v.

KEY WEST CONSERVATORY LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, SHAZMYN GAVIN ("Ms. Gavin" or "Plaintiff"), brings this action for pregnancy discrimination and retaliation in violation of Title VII/the Pregnancy Discrimination Act ("PDA") and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat., and is seeking recovery from KEY WEST CONSERVATORY LLC ("KWC" or "Defendant") for back pay, front pay, punitive damages, compensatory damages, injunctive and declaratory relief, and her attorneys' fees and costs.

**<u>JURISDICTION</u>**

1.     Jurisdiction in this Court is proper as the claims arise under federal law pursuant to the PDA as to the federal claims; furthermore, this court has supplemental jurisdiction over the FCRA claims, as they arise out of a continuing series of illegal activities committed by Defendant and involving Plaintiff's employment, and because they arise out of the same operative facts and circumstances as her PDA claims.

2.     The actions giving rise to this lawsuit occurred in Monroe County, Florida.

**CONDITIONS PRECEDENT**

3.      Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about March 5, 2024.

4.      Plaintiff received her Right to Sue letter from the EEOC on September 18, 2024, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of same.

5.      More than 180 days have passed since the filing of the Charge of Discrimination.

6.      Plaintiff's claims, including her claims under the FCRA, are therefore ripe for filing.

7.      Plaintiff timely files this action within the applicable period of limitations against Defendant.

8.      Plaintiff has satisfied all administrative prerequisites, and all conditions precedent to this action have been satisfied and/or waived.

**VENUE**

9.      Venue is proper because Defendant maintains a location and conducts substantial business in Key West, Monroe County, Florida, and Plaintiff worked for Defendant in Monroe County, Florida, where the actions at issue took place.

**PARTIES**

10.     During all times relevant, Plaintiff lived in Monroe County, Florida.

11.     Plaintiff is an adult individual who performed services for Defendant's company in Key West, Monroe County, Florida.

12.     Plaintiff is protected by the PDA because:

2

a.      She was a pregnant female who suffered discrimination because of her pregnancy by Defendant; and

b.      She suffered an adverse employment action based on her pregnancy, including being fired because of discrimination and in retaliation for her requests for reasonable accommodation for her pregnancy and related conditions.

13.     Defendant was at all material times an "employer" as defined by the PDA, as it employed in excess of fifteen (15) employees.

14.     Defendant is a Florida limited liability company that maintains a location and conducts substantial business in Key West, Monroe County, Florida.

## FACTUAL ALLEGATIONS

15.     Plaintiff worked for Defendant, most recently as a Sales Manager, from December 21, 2015, until her termination on August 9, 2023.

16.     In or around early June of 2023, Ms. Gavin disclosed to her KWC Supervisors, including Clarisa Fluker, that she was pregnant.

17.     Ms. Gavin's disclosures constituted protected activity under the PDA and the FCRA.

18.     In response to Ms. Gavin's disclosures, KWC immediately began subjecting Ms. Gavin to disparate and unfavorable treatment based on pregnancy.

19.     Ms. Fluker made condescending and disrespectful remarks to Ms. Gavin, strongly insinuating that, due to her pregnancy, Ms. Gavin was no longer capable of performing the duties of her job position.

20.     This was not true:  Ms. Gavin was capable of performing her duties.

3

21. Ms. Fluker warned Ms. Gavin darkly that any missed shifts would be considered "job abandonment."

22. On August 6, 2023, Ms. Fluker informed Ms. Gavin that KWC had taken her off the schedule, and offered no information as to when, if ever, Ms. Gavin would be scheduled to work again.

23. On August 9, 2023, KWC informed Ms. Gavin that it had decided to terminate her employment, effective immediately.

24. Plaintiff's termination constitutes retaliatory and adverse employment action as defined by the PDA and the FCRA.

25. Plaintiff suffered sufficiently severe and pervasive treatment because of her pregnancy, causing Plaintiff's termination.

26. Defendant was well aware of Plaintiff's PDA/FCRA-protected condition.

27. Plaintiff was treated less favorably than other employees working for Defendant who were similarly situated in all respects, but were not member(s) of Plaintiff's protected class.

28. Plaintiff can demonstrate that Defendant's termination was a pretext, and a concocted way to discard her based on her pregnancy and thereby rid the workplace of a pregnant employee.

29. Plaintiff is an individual who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Customer Service Representative.

30. Defendant's treatment of Plaintiff in this regard is illegal. *See Byrd v. Lakeshore Hospital*, 30 F.3d 1380, 1382 (11th Cir.1994) ("It is today a settled principle that the [pregnancy laws] are violated when pregnant employees are denied privileges afforded non-pregnant

employees."); *see also Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir.2000) (an employer violates the PDA when it fires an employee based on her pregnancy.).

31.     At all material times hereto, Plaintiff was ready, willing and able to perform her job duties, with or without reasonable accommodation.

32.     Plaintiff was a pregnant individual during her employment and was therefore a member of a protected class as envisioned by the PDA and the FCRA.

33.     Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

34.     Any reason provided by Defendant for its actions is pretext.

35.     The timing of Plaintiff's termination, which was in temporal proximity to her disclosure of her pregnancy, demonstrates the causal and temporal connection between her protected PDA/FCRA activity and the illegal actions taken against her by Defendant.

36.     As a result of Defendant's unlawful and retaliatory termination of Plaintiff, Plaintiff has suffered, and continues to suffer, severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

37.     As a result of this illegal conduct, Plaintiff has suffered damages including loss of employment, wages, benefits, and other remuneration to which she is entitled.

38.     Defendant did not have a good faith basis for its actions.

39.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- PREGNANCY DISCRIMINATION
## IN VIOLATION OF THE PDA

40.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 39, above, as if fully set forth herein.

5

41.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under Title VII and the PDA.

42.     The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

43.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

44.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

45.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 39, above, as if fully set forth herein.

47.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under the FCRA.

48.     The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

49.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

6

50.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

51.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III- PREGNANCY RETALIATION
## IN VIOLATION OF THE PDA

52.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 39, above, as if fully set forth herein.

53.     Plaintiff was terminated within close temporal proximity of her disclosure to Defendant of her pregnancy.

54.     Plaintiff's disclosures constituted protected activity under the PDA.

55.     Plaintiff was terminated as a direct result of her disclosure of her pregnancy and potential need for accommodation.

56.     Plaintiff's disclosures and her termination are causally related.

57.     Defendant's stated reasons for Plaintiff's termination are a pretext.

58.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the PDA.

61. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV- PREGNANCY RETALIATION IN VIOLATION OF THE FCRA

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 39, above, as if fully set forth herein.

63. Plaintiff was terminated within close temporal proximity of her disclosure of her pregnancy to Defendant.

64. Plaintiff's disclosures constituted protected activity under the FCRA.

65. Plaintiff was terminated as a direct result of her disclosures and her potential need for accommodation.

66. Plaintiff's disclosures and her termination are causally related.

67. Defendant's stated reasons for Plaintiff's termination are a pretext.

68. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

8

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

71. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands trial by jury on all issues so triable.

DATED this 25th day of November, 2024.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St., Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
 E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*

9